IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FRANCIS H.,[1]

            Plaintiff,

  v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

            Defendant.

No. 3:24-cv-01426-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    Plaintiff Francis H. seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA"). 42 U.S.C. §§ 401–33. This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3). For the reasons set forth below, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

**PROCEDURAL HISTORY**

    Plaintiff filed an application for DIB on December 1, 2021, alleging a disability onset date of January 1, 1996. Tr. 61. The Commissioner denied Plaintiff's claim initially, and on reconsideration. Tr. 65–66, 73. Plaintiff filed a written request for a hearing, and a hearing was

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

held before Administrative Law Judge Vadim Mozyrsky in October 2023. Tr. 35–60. The ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 20–30. The Appeals Council denied Plaintiff's request for review on June 24, 2024. Tr. 1–6. Thus, the ALJ's decision is the Commissioner's final decision and subject to review by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and " 'may not affirm simply by isolating a specific quantum of supporting evidence.' " *Garrison v. Colvin*, 759 F.3d 995, 1009–10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between January 1, 1996, the alleged onset date, and December 31, 2018, his date last insured. Tr. 22. At step two, the ALJ found Plaintiff had the following severe, medically determinable impairments: autism spectrum disorder, anxiety, and depression. Tr. 22. At step three, the ALJ found no impairment met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 22–23. The ALJ found Plaintiff had the residual functional capacity ("RFC"):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple tasks; the claimant can occasionally interact with coworkers and the public.

Tr. 24.

At step four, the ALJ found Plaintiff capable of performing past relevant work as a kitchen helper. Tr. 29. The ALJ then made the alternative step five finding that jobs existed in significant numbers in the national economy that Plaintiff could perform, including machine packager, cleaner II, and automobile detailer. Tr. 30. Thus, the ALJ concluded Plaintiff was not disabled. Tr. 30.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly discounting his symptom testimony, (2) failing to properly formulate his RFC, (3) rejecting competent lay testimony without stating a

germane reason, and (4) failing to include all of his limitations when posing hypotheticals to the vocational expert.

I.      **Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms alleged, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of ... symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). The ALJ need not "perform a line-by-line exegesis of the claimant's testimony" or "draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). But Ninth Circuit law "plainly requires" that an ALJ do more than "offer[ ] non-specific conclusions that [the claimant's] testimony [is] inconsistent with [certain evidence]." *Id.* (citations omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc.*

4 – OPINION AND ORDER

*Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4

In considering Plaintiff's testimony overall, the ALJ found his medically determinable impairments could reasonably be expected to cause some of the alleged symptoms and did not identify evidence of malingering. Tr. 25. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 25. Specifically, the ALJ found Plaintiff's symptom allegations conflicted with objective medical evidence in the

record and his activities of daily living. Tr. 25-27. Plaintiff argues the ALJ erred by taking his "better moments" out of context to suggest he was "doing well." Pl. Br. 9 (citing Tr. 25).

  A. *Objective Medical Evidence*

  The ALJ is instructed to evaluate objective medical evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. A claimant's failure to report symptoms to providers is another valid basis to find a claimant's symptom allegations unreliable. *Greger v. Barnhart*, 464 F.3d 968, 972–73 (9th Cir. 2006). The lack of objective medical evidence is insufficient, by itself, to justify discounting a claimant's testimony. *See, e.g., Tammy S. v. Comm'r Soc. Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick*, 157 F.3d at 722 ("the Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, when coupled with other permissible reasons, lack of objective medical evidence to support a claimant's allegations may be used to discount a claimant's testimony. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197–98 (9th Cir. 2004).

  The ALJ failed to articulate a clear and convincing reason to discount Plaintiff's allegations regarding his mental health issues. At the hearing, Plaintiff explained that he lost two different dishwasher jobs because he had difficulty socially interacting with coworkers, he needed extra breaks on an hourly basis to regulate his emotions, and he was absent from work due to his depression and anxiety symptoms. Tr. 41–44. The ALJ acknowledged that Plaintiff

often had to change his medication regime because he would plateau even when taking medication at the maximum dose. Tr. 26. The ALJ summarized the waxing and waning of Plaintiff's mental health symptoms, and ultimately discounted Plaintiff's testimony by highlighting a few instances of improvement or stability. Tr. 25–27. The ALJ cited treatment notes where Plaintiff reported he was doing well and presented at appointments with normal thought content, judgment, and appropriate behavior. Tr. 27 (citing Tr. 725, 924, 937).

These sporadic citations do not address the variability of Plaintiff's symptoms. Nor do these few incidents of improvement diminish the ample evidence in the record of irritability, insomnia, thoughts of self-harm, thoughts of harming others, and inclinations that Plaintiff might act on his intrusive thoughts, before and after the isolated instances of improvement the ALJ cites. *See* Pl. Br. 6 (citing Tr. 383, 430, 441, 455, 467, 507, 529, 554, 601, 609, 693, 696). Because the evidence the ALJ cited does not meaningfully conflict with Plaintiff's symptom testimony, this was not a clear and convincing reason to discount Plaintiff's allegations that his mental health limitations have caused significant problems with sustaining full-time work activity.

    B.    *Daily Activities*

The ALJ also discounted Plaintiff's subjective symptom testimony because it was inconsistent with his daily activities. Tr. 25–27. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills," or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The Ninth

7 – OPINION AND ORDER

Circuit has even found routine activities such as playing video games, using public transportation, and preparing meals to undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of physical activities that do not "consume a *substantial part*" of a claimant's day is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (emphasis in original); *see also Reddick*, 157 F.3d at 722.

The ALJ failed to adequately identify transferable work skills or inconsistencies between Plaintiff's daily activities and symptom testimony, and therefore erred. The ALJ picked out and mischaracterized a few isolated activities that do not meaningfully conflict with Plaintiff's testimony regarding his mental health symptoms. For example, the ALJ cited to a transcript from Portland Community College's ("PCC") Culinary Assistant Program to show that Plaintiff was able to perform well in school. Tr. 27 (citing Tr. 286, 288). Specifically, the ALJ reasoned that Plaintiff received "scores of As in all areas including attendance, punctuality, class grades, work behavior, general work, and employability" and received "a food handler's card, a certificate from PCC's Culinary Assistant Program." Tr. 27 (citing Tr. 286, 288). Moreover, the ALJ explained that Plaintiff spent spring break with his family in Seaside, Oregon, and had "so much fun that he did not require anything." Tr. 27 (citing Tr. 927). The ALJ cited a treatment note where Plaintiff reported that his mood improved after getting a dog, in part likely due to exercising more. Tr 27 (citing Tr. 932). The ALJ also cited a treatment record from a quarterly check-in where Plaintiff reported that he was "doing great" enjoying the beautiful weather and was excited to spend quality time with family. Tr. 27 (citing Tr. 924).

These activities do not conflict with Plaintiff's testimony because they do not take into account the full scope of the record. For one, the ALJ mischaracterized Plaintiff's schooling. The ALJ stated that Plaintiff received an associate degree, citing a mental health treatment note where Plaintiff reported that he had completed the twelfth grade and an associate degree. Tr. 23 (citing Tr. 768). While some portions of the record indicate that plaintiff completed an associate degree (see Tr. 306, 330, 723, 768), the overall record does not support the conclusion that he completed a traditional two-year associate degree. The transcripts cited by the ALJ show that Plaintiff took classes for only two consecutive terms. Tr. 285–90. Instead of receiving an associate degree, Plaintiff completed a food service certificate program, connected with the Office of Vocational Rehabilitation Services, through PCC. Tr. 290, 292–342. The record further indicates that Plaintiff received special accommodations and support during this program due to his developmental disabilities. Tr. 292–342.

Additionally, a snapshot of Plaintiff's ability to do well on a spring break vacation does not speak to Plaintiff's abilities on his symptomatic days or while working a full-time job. *Id.* The Commissioner argues that Plaintiff reported working "under the table for his mother helping to care for foster children, who were ages six to eight years old in 2016" and that he watched the children, made them dinner, and helped them with their homework. Def. Br. 4–5 (citing Tr. 862–63). However, the ALJ did not discuss this activity in his analysis. The court "may review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citing *Garrison*, 759 F.3d at 1010).

In sum, the ALJ erred in rejecting Plaintiff's subjective symptom testimony by failing to provide specific, clear and convincing reasons as to why his testimony contradicted, or was undermined by, the objective medical record and his activities of daily living.

## II.     Lay Witness Testimony

The ALJ briefly mentioned the lay witness testimony and stated that he "considered such statements in assessing the [RFC] but does not assess their persuasiveness." Tr. 28. Plaintiff argues that the ALJ failed to provide germane reasons to reject the lay witness testimony. "The majority of district courts in this circuit . . . conclude that the new regulations have not eliminated an ALJ's obligation to consider and address lay witness testimony." *Donna B.S. v. O'Malley*, No. 6:22-CV-1571-SI, 2024 WL 3534431, at *7 (D. Or. July 25, 2024) (citing *Christopher M. v. Comm'r, Soc. Sec. Admin.*, 2023 WL 8827678, at *10 (D. Or. Dec. 21, 2023); *Jerald H. v. Comm'r of Soc. Sec.*, 2023 WL 6533477, at *4 (W.D. Wash. Oct. 6, 2023); *Gardner v. Comm'r of Soc. Sec. Admin.*, 2023 WL 6173220, at *6 (D. Ariz. Sept. 21, 2023); *Joseph L.S. v. Kijakazi*, 2023 WL 5611408, at *5 (C.D. Cal. Aug. 30, 2023); *Sharon W. v. Kijakazi*, 2023 WL 246391, at *8 (D. Idaho Jan. 18, 2023)). On remand, the ALJ shall evaluate the lay witness testimony by plaintiff's mother in a manner consistent with this decision.

## III.     RFC Determination

Plaintiff argues the ALJ erred by formulating an RFC where the state agency psychological consultants found there was insufficient evidence to assess Plaintiff's RFC. Pl. Br. 8. Plaintiff argues that given this, and the fact the record contains no medical opinions from Plaintiff's medical providers, the ALJ should have ordered a consultative examination. Pl. Br. 10 (citing 20 C.F.R. §§ 404.1545 and 404.1519a). Plaintiff also argues the ALJ did not explain how he determined that an RFC for simple tasks and occasional interaction with coworkers and the

public was appropriate, and failed to explain how parts of the record he cited translate to work-related functional limitations. *Id.*

The RFC is the most a person can do, despite the person's physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating an RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, *available* at 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). An ALJ is only required to identify specific, supported, and credible limitations in the RFC; "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 893 (9th Cir. 2006) (observing the ALJ's assessment of the plaintiff's RFC was "complete, specific, and supported by substantial evidence").

Additionally, ALJs have an affirmative duty to fully and fairly develop the record to inform themselves about facts relevant to their decisions. *Heckler v. Campbell*, 461 U.S. 458, 471 n.1 (1983); *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *Smolen*, 80 F.3d at 1283. The ALJ's duty to develop the record is triggered by "ambiguous evidence or when the record is inadequate for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60

(9th Cir. 2001). Where the duty to develop the record is triggered, such supplementation can include subpoenaing physicians, submitting questions to the physicians, continuing the hearing, or keeping the record open after the hearing to allow the record to be supplemented. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ also has authority to order a consultative examination. 20 C.F.R. §§ 404.1519a, 416.919a.

In determining Plaintiff's RFC, the ALJ reasoned that:

> the claimant's absence of psychiatric hospitalizations, his description as being "high functioning autism" (Ex. 1F/11), the claimant's ability to graduate from high school and complete a college associate degree, mental status examinations showing unimpaired memory and average intellect (Ex. 3F/47, 75; Ex. 4F/20), good or only slightly tangential concentration (Ex. 2F/212; Ex. 3F/97), and cooperative and pleasant behavior (Ex. 2F/255; Ex. 3F/47, 97; Ex. 4F/16, 20; Ex. 5F/4; Ex. 6F/14), treatment notes regularly indicating symptomatic improvement with medication (Ex. 2F/ 41, 64, 223-224, 254), and recent counseling notes consistently describing the claimant as doing well (Ex. 3F/1, 7; Ex. 4F/1; Ex. 7F/4, 7, 12, 17, 19; Ex. 8F/17).

Tr. 28.

The ALJ failed to properly analyze Plaintiff's subjective symptom testimony and the statements of Plaintiff's mother; therefore, the court cannot conclude the RFC accurately reflects plaintiff's limitations. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective."). Additionally, the ALJ failed to develop the record in that he should have ordered a consultative examination. At both the initial and reconsideration level, state agency psychologists determined that the record was insufficient to determine Plaintiff's RFC. The ALJ reasoned that these opinions from the state agency psychological consultants were not persuasive because "additional evidence received at the hearing level indicated limitations that were not apparent at the initial or reconsideration levels." Tr. 28. However, the ALJ failed to explain what evidence

12 – OPINION AND ORDER

was not presented to the state agency psychological consultants and fashioned an improper RFC based on a mischaracterizations of the record, as discussed above.

### III.   Step Five

Plaintiff argues the ALJ erred at step five by failing to include limitations from plaintiff's testimony and the lay witness testimony in the proposed hypotheticals to the vocational expert (VE). It is unnecessary to reach this issue because the case is being remanded.

### IV.   Remand

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Under the "credit-as-true" analysis, the court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Id.* If so, the district court can exercise its

discretion to remand for an award of benefits. *Id.* The district court retains flexibility, however, and is not required to credit statements as true merely because the ALJ made a legal error. *Id.* at 408.

The ALJ committed harmful error by failing to provide specific, clear, and convincing reasons to reject Plaintiff's subjective symptom testimony about his mental health symptoms and failing to properly formulate Plaintiff's RFC. However, conflicts and ambiguities remain in the record. Therefore, the Commissioner's decision is reversed, and this case is remanded for further proceedings so that the ALJ can order a consultative examination, properly evaluate Plaintiff's testimony and the lay witness testimony, reformulate the RFC if necessary, and seek further VE testimony at step five, if necessary.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED July 9, 2025.

                                                          /s/ Youlee Yim You
                                                          Youlee Yim You
                                                          United States Magistrate Judge